Per Curiam.

Although the petitioners-respondents do not have standing to sue and have failed to join all the necessary parties, since the appellants have submitted to- us the merits of the constitutional issue inherent in the determination made by the Commissioners of Elections, we shall decide it. In these casesj in view of the troublesome consequences that surely would arise in regard to the validity óf elections in the former Municipal Court Districts, the tenure of the elected Judges and the legality of their orders and judgments if the petitions were dismissed on the basis of the procedural arguments advanced, we shall answer the critical question whether elections must be held in the former Municipal Court Districts for vacancies created by the expiration of terms of Judges who were elected from such districts.
*37 The provision of the State Constitution relating to the selection of Judges of the Civil Court of the City of New York is not self-executing (art. VI, § 15, subd. a). It provides expressly that the districts for which such Judges shall be elected shall be within counties “ established by law In the absence of an implementing statute the existing mixed pattern of county-wide and sub-county district selection is indicated if this essential constitutional court is to function until the Legislature provides otherwise. Since 1962 until this year there was such provision by the Legislature but only on one-year bases. The omission to make similar provision this year leaves the applicable constitutional mandate without implementation, in a situation similar to that which would have occurred if the Legislature had never acted after 1962.
The court in providing temporary emergency implementation to a mandated but non-self-executing constitutional direction does no more than continue the existing situation, for the court may not substitute itself for the Legislature merely because the Legislature has failed to act. In doing as much there is qualifiedly parallel precedent with respect to legislative redistricting, as observed by the dissenting Justices at the Appellate Division (see Matter of Dowling, 219 N. Y. 44, 59; Matter of Sherrill v. O’Brien, 188 N. Y. 185, 215). Moreover, in continuing the existing mixed pattern until the Legislature should provide otherwise, the intention of the constitutional provision is effectuated. This is demonstrated by the language of that provision delegating the discretion to the Legislature and the several annual acts of the Legislature from 1962 through 1968. In addition, the omission of any annual extension bill at the 1969 session bears the mark of inadvertence rather than deliberateness, further confirmed by the failure to pass a bill which would have provided for election of the Civil Court Judges by county-wide districts alone (1969 N. Y. Legis. Index, p. A109, (Assem. Int. 1239).
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Sweeney* concur; Chief Judge Fuld taking no part.
In each case: Order reversed, without costs, and the order and judgment of Special Term reinstated.

 Designed pursuant to section 2 of article VI of the State Constitution in the temporary absence of Chief Judge Fuld.