*246 OPINION OF THE COURT
Joseph Slavin, J.
These two proceedings are being considered pursuant to subdivision 1 of section 16-104 of the Election Law in that they both seek to contest the form and content of the ballots to be prepared for the Democratic Party primary election to be held on September 9,1980 for the public office of Judge of the Civil Court of the City of New York from the Third Civil Court District of the Borough of Brooklyn.
The facts surrounding these proceedings are unusual and hopefully will not reoccur at any time in the future.
The Third Civil Court District in the Borough of Brooklyn has assigned to it two Judges. One of these Judges, Honorable Abraham L. Shulman, must vacate his position at the end of this year due to reaching the mandatory retirement age. This event created a vacancy for which a nomination is to be made at the primary election (Election Law, § 6-110 et seq.). Pursuant to subdivision 1 of section 6-168 of the Election Law, the Board of Elections, more than 14 days before the first date to circulate designating petitions, promulgated and had available for public inspection a list of all vacancies in the office of Judge of the Civil Court and designated Judge Shulman’s vacancy as Vacancy No. 4. Thereafter designating petitions for Vacancy No. 4 were circulated and filed for four candidates: John R. Cannizzaro, William Ritholtz, Seymour Gerschwer and Daniel A. Ozzi.
On July 1, 1980 the Court of Appeals accepted a determined sanction of the State Commission on Judicial Conduct and ordered the other Judge from the Third Civil Court District, Honorable Jerome L. Steinberg, removed from judicial office. The Court of Appeals order was received by the city clerk on July 11, 1980 and the Board of Elections was notified of this additional vacancy the same day. This vacancy having occurred prior to “seven days before the last day for circulating designating petitions”, a nomination for it must be made at the primary election (Election Law, § 6-116).
On July 11,1980 the Board of Elections assigned to Judge *247 Steinberg’s vacancy the designation of Vacancy No. 14. Designating petitions were circulated and filed for three candidates for Vacancy No. 14: Thomas C. Palermo, Joseph A. Cusumano and Alan Drezin. Mr. Drezin subsequently declined and Daniel A. Ozzi was substituted by the Committee on Vacancies for the Drezin petition.
The first proceeding before the court was brought by one Peter G. Mirto to vacate the actions of the Board of Elections and to have the nomination for Judge Steinberg’s vacancy be made by the county committee rather than by the primary election.
The basic argument made by Mr. Mirto is that section 6-116 in requiring a primary election where a vacancy arises more than seven days before the last day to circulate petitions is in some way unconstitutional in not giving a fair opportunity to gather sufficient signatures for the designating petitions. In support of this claim Mr. Mirto avers that he was only able to gather 810 signatures during the 13 days allotted for such purposes and did not file same since they were insufficient.
While this court has the power to rule upon the question presented by Mr. Mirto, his proceeding brought as “an aggrieved candidate”, is not properly before this court since Mr. Mirto, having failed to tender any petitions in attempted compliance with the law, lacks standing herein (Moritt v Rockefeller, 346 F Supp 34, affd 409 US 1020).
The other proceeding, brought by the candidates Cannizzaro and Ritholtz, seeks to require that the candidates for both vacancies run together in a primary with the two receiving the greatest number of votes being the nominees of the party. But for the enactment of section 6-168 of the Election Law, this would undoubtedly be the case (e.g., Matter of Greenspun v Board of Elections of City of N. Y., 34 NY2d 981; Election Law, § 6-116).
In 1979 the Legislature enacted chapter 143 of the Laws of 1979 (eff May 29,1979) which established section 6-168 which provides as follows:
“Designating petitions; candidates for the office of judge of the civil court of the city of New York.
*248 “1. The board of elections of the city of New York, not later than fourteen days before the first day to circulate designating petitions for a primary election, shall promulgate and have available for public inspection at its main office, a list of all vacancies in the office of judge of the civil court of the city of New York for which nominations will be made at such primary election. Such list shall include the borough and district, if any, in which such vacancy exists, the name of the judge who was last elected to such seat and a number assigned to such vacancy by the board of elections.
“2. A designating petition for any candidate for any such office shall include in the title of the office for which a designation is being made, the number assigned by the board of elections to the vacancy for which such candidate is designated.
“3. If, at any primary election in which more than one nomination is to be made for the office of judge of the civil court of the city of New York in any borough of such city or in any civil court district within any such borough, only one candidate is designated for any such vacancy, such candidate shall be deemed nominated and his name shall not appear upon the primary ballot unless a petition for opportunity to ballot for such vacancy is filed pursuant to the provisions of this chapter.
“4. If more than one person is designated for one or more such vacancies, all such persons shall be listed on the primary ballot as candidates for such office without reference to the seat for which they were designated and those persons, equal to the number of such vacancies, who receive the highest number of votes shall be nominated as candidates for such office.”
It is thus clear that under this statute, in the ordinary course of events, where only one designating petition for a particular vacancy is declared valid, that candidate is nominated without a primary.
It is also clear that if both vacancies have more than one candidate with valid petitions, they all run together. While this latter circumstance may make this proceeding moot, all of the petitions for Vacancy No. 14 are under attack in *249 separate court proceedings which may result in no valid petition for this vacancy.
Chapter 143 of the Laws of 1979 was enacted for the following reason: “Currently where more than one vacancy exists all candidates for those vacancies are forced into a primary if more petitions are filed than vacancies exists. Even when an outstanding judge seeks re-election, or an outstanding candidate seeks election, and it is the intention of others not to contest the re-election or election but rather to petition for a second or third vacancy the incumbent judge or candidate is forced into a primary by the current law. This Bill would allow a judge whose re-election is not contested to be declared a candidate without a need for a primary. It is especially consistent with our policy of removing judges from political and community life during his term in office and would put him at a disadvantage to then compete with others who have had no such restrictions.” (NY Legis Ann, 1979, p 109.)
An examination of the statute as well as the legislative memoranda in support thereof leads this court to conclude that the Legislature at no time considered the possibility of a vacancy occurring subsequent to the 14 days prior to the first day to circulate petitions, the time that the Board of Elections must promulgate their list, and prior to the seventh day before the last day to file petitions, the last day to make the vacancy subject to the primary election process (Election Law, § 6-116; cf. Matter of Spillane v Katz, 25 NY2d 34).
The court thus concludes that the clear attempt to assist sitting Judges in seeking re-election, which had to be in such manner as to not deny equal opportunity to appear on the ballot (Matter of Holtzman v Power, 27 NY2d 628), must be construed strictly. Thus, in a case, as here, where the vacancy has not occurred within such time as to permit the designation of the vacancy upon the list required by subdivision 1 of the statute (Election Law, § 6-168), the operative language of subdivision 3, giving a nomination without participation in a primary election, is not effective.
There being no opportunity for compliance as to Vacancy *250 No. 14 with subdivision 1 of section 6-168, the previously used system, as set forth in subdivision 4 of that section must be used for both vacancies.
Accordingly, the petition of Cannizzaro and Ritholtz is granted to the extent that the Board of Elections in the City of New York arrange the ballot for the Democratic primary election to be held on September 9, 1980 in such a manner as to reflect two vacancies for the public office of Judge of the Civil Court from the Third Civil Court District of the Borough of Brooklyn, and to place upon said ballot the names of all persons whose petitions have been validated for either Vacancy No. 4 or Vacancy No. 14 and to declare as the nominees those two candidates receiving the highest number of votes in said primary election.
The petition of Peter G. Mirto is dismissed.